Nicholas R. Nowicki
AZ Lic. # 029740
McDonough & Nowicki PLLC
3011 36th Avenue South, #6
Minneapolis, MN 55406
Telephone: 612-217-0257
Email: nik@mcnowick.com

Of Counsel to:
Nitzkin & Associates
22142 West Nine Mile Road
Southfield, MI 48033
Telephone:  (248) 353-2882
Facsimile:  (248) 353-4840

*Attorneys for Plaintiff,*
*Fred Crandell*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fred Crandell,<br><br>    Plaintiff,<br><br>  vs.<br><br>Experian Information Solutions, Inc. an Ohio corporation; Trans Union, LLC, a Delaware limited liability company; Equifax Information Services, LLC, a Georgia corporation; Chase Bank USA, NA, a national association; Capital One Bank USA, NA, a national association; Discover Financial Services, Inc., a Delaware corporation; and Synchrony Bank, an Ohio corporation,<br><br>    Defendants. | Case No.:<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

NOW COMES THE PLAINTIFF, FRED CRANDELL, BY AND THROUGH COUNSEL, Nicholas Nowicki, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681p., and 28 U.S.C. §§1331, 1337.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Chandler, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Experian Information Solutions, LLC, ("Experian"), an Ohio corporation that maintains a registered agent in Maricopa County, Arizona;

   b. Trans Union, LLC, ("Trans Union")  which is an Delaware company that maintains a registered agent in Maricopa County, Arizona;

   c. Equifax Information Services, LLC, ("Equifax") which is a Georgia company that maintains a registered agent in Maricopa County, Arizona;

2

d.  Chase Bank, USA, NA, ("Chase") which is a national association that, conducts business in Wilmington, Delaware;

e.  Capital One Bank, USA, NA ("Capital One") which is an Ohio company that maintains a registered office in Richmond County, Virginia;

f.  Discover Financial Services, Inc., ("Discover"), which is a Delaware corporation that maintains registered offices in Cook County, Illinois; and

g.  Synchrony Bank ("Synchrony"), which is an Ohio corporation.

## **GENERAL ALLEGATIONS**

6.  The following furnishers are reporting their trade lines ("Errant Trade Lines") on Plaintiff's Experian, Trans Union and Equifax credit files with multiple charge offs in violation of the FCRA:

a.  Chase, Account Number: 42668411XXXX;

b.  Chase, Account Number: 42668411XXXX;

c.  Discover, Account Number: 60110052XXXX;

d.  SYNCB/Lowes, Account Number: 798192423523XXXX; and

e.  Kohls/Capital One, Account Number: 639305042640XXXX.

3

7. On or about May 29, 2015, Mr. Crandell obtained his Experian, Trans Union, and Equifax credit files and noticed that Chase, Discover, Synchrony Bank and Capital One were reporting multiple "KDs" meaning "Key Derogatory" on his credit files.

8. On or about July 30, 2015, Mr. Crandell submitted letters to the CRAs disputing the Errant Trade Lines.

9. Upon information and belief, Defendants Experian, Trans Union, and Equifax forwarded Mr. Crandell's dispute to Defendants Chase, Capital One, Discover, and Synchrony.

10. On or about August 24, 2015, Mr. Crandell received Equifax's investigation results which showed that Chase retained multiple charge offs on both of its Errant Trade Lines. In addition, Capital One and Discover also retained the multiple charge offs on his Equifax credit file.

11. On or about august 25, 2015, Mr. Crandell received Experian's investigation results which showed that Chase, Capital One, Synchrony, and Discover all retained the multiple charge offs on the Errant Trade Lines.

12. On or about August 26, 2015, Mr. Crandell received Trans Union's investigation results which also showed that Discover, Capital One, Synchrony and Chase had retained the multiple charge offs on the Errant Trade Lines.

4

# COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CHASE

13. Plaintiff re-alleges the above paragraphs as if recited verbatim.

14. After being informed by Experian, Trans Union, and Equifax of the Plaintiff's consumer dispute regarding the Errant Trade Lines, Chase Bank negligently failed to conduct a proper reinvestigation of Mr. Crandell's dispute as required by 15 USC 1681s-2(b).

15. Chase Bank negligently failed to review all relevant information available to it and provided by each credit reporting agency in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Experian, Trans Union, and Equifax to remove the multiple charge offs from the Errant Trade Lines from Mr. Crandell's consumer credit reports.

16. The Errant Trade Lines are inaccurate and creating a misleading impression on Mr. Crandell's consumer credit file with Experian, Trans Union, and Equifax to which it is reporting such trade line.

17. As a direct and proximate cause of Chase's negligent failure to perform its duties under the FCRA, Mr. Crandell has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

18. Chase is liable to Mr. Crandell by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with reasonable attorneys' fees pursuant to 15 USC 1681o.

19. Mr. Crandell has a private right of action to assert claims against Chase arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Chase for damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CHASE**

20. Plaintiff re-alleges the above paragraphs as if recited verbatim.

21. After being informed by Experian, Trans Union, and Equifax that Mr. Crandell disputed the accuracy of the information it was providing, Chase willfully failed to conduct a proper reinvestigation of Mr. Crandell's dispute.

22. Chase willfully failed to review all relevant information available to it and provided by each such credit reporting agency as required by 15 USC 1681s-2(b).

23. As a direct and proximate cause of Chase's willful failure to perform its respective duties under the FCRA, Mr. Crandell has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

6

24. Chase is liable to Mr. Crandell for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Chase for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE

25. Plaintiff re-alleges the above paragraphs as if recited verbatim.

26. After being informed by Experian, Trans Union, and Equifax of the Plaintiff's consumer dispute regarding the Errant Trade Line, Capital One negligently failed to conduct a proper reinvestigation of the Plaintiff's disputes as required by 15 USC 1681s-2(b).

27. Capital One negligently failed to review all relevant information available to it and provided by each credit reporting agency in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Experian,

Trans Union, and Equifax to remove the multiple charge offs from the Errant Trade Line from Mr. Crandell's consumer credit report.

28. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Crandell's consumer credit file with Experian, Trans Union, and Equifax to which it is reporting such trade line.

29. As a direct and proximate cause of Capital One's negligent failure to perform its duties under the FCRA, Mr. Crandell has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

30. Capital One is liable to Mr. Crandell by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with reasonable attorneys' fees pursuant to 15 USC 1681o.

31. Mr. Crandell has a private right of action to assert claims against Capital One arising under 15 USC 1681s-2(b).


**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Capital One for damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE**

32. Plaintiff re-alleges the above paragraphs as if recited verbatim.

8

33. After being informed by Experian, Trans Union, and Equifax that Mr. Crandell disputed the accuracy of the information it was providing, Capital One willfully failed to conduct a proper reinvestigation of Mr. Crandell's dispute.

34. Capital One willfully failed to review all relevant information available to it and provided by each such credit reporting agency as required by 15 USC 1681s-2(b).

35. As a direct and proximate cause of Capital One's willful failure to perform its respective duties under the FCRA, Mr. Crandell has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

36. Capital One is liable to Mr. Crandell for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Capital One for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DISCOVER

37. Plaintiff re-alleges the above paragraphs as if recited verbatim.

38. After being informed by Experian, Trans Union, and Equifax of the Plaintiff's consumer dispute regarding the Errant Trade Line, Discover negligently failed to conduct a proper reinvestigation of the Plaintiff's disputes as required by 15 USC 1681s-2(b).

39. Discover negligently failed to review all relevant information available to it and provided by each credit reporting agency in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Experian, Trans Union, and Equifax to remove the multiple charge offs from the Errant Trade Line from Mr. Crandell's consumer credit report.

40. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Crandell's consumer credit file with Experian, Trans Union, and Equifax to which it is reporting such trade line.

41. As a direct and proximate cause of Discover's negligent failure to perform its duties under the FCRA, Mr. Crandell has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

42. Discover is liable to Mr. Crandell by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with reasonable attorneys' fees pursuant to 15 USC 1681o.

43. Mr. Crandell has a private right of action to assert claims against Discover arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Discover for damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DISCOVER

44. Plaintiff re-alleges the above paragraphs as if recited verbatim.

45. After being informed by Experian, Trans Union, and Equifax that Mr. Crandell disputed the accuracy of the information it was providing, Discover willfully failed to conduct a proper reinvestigation of Mr. Crandell's dispute.

46. Discover willfully failed to review all relevant information available to it and provided by each such credit reporting agency as required by 15 USC 1681s-2(b).

47. As a direct and proximate cause of Discover's willful failure to perform its respective duties under the FCRA, Mr. Crandell has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

11

48. Discover is liable to Mr. Crandell for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Discover for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SYNCHRONY

49. Plaintiff re-alleges the above paragraphs as if recited verbatim.

50. After being informed by Trans Union and Experian of the Plaintiff's consumer dispute regarding the Errant Trade Line, Synchrony negligently failed to conduct a proper reinvestigation of the Plaintiff's dispute as required by 15 USC 1681s-2(b).

51. Synchrony negligently failed to review all relevant information available to it and provided by Trans Union and Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Trans Union

and Experian to remove the multiple charge offs from the Errant Trade Line from Mr. Crandell's consumer credit report.

52. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Crandell's consumer credit file with Experian and Trans Union to which it is reporting such trade line.

53. As a direct and proximate cause of Synchrony's negligent failure to perform its duties under the FCRA, Mr. Crandell has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

54. Synchrony is liable to Mr. Crandell by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with reasonable attorneys' fees pursuant to 15 USC 1681o.

55. Mr. Crandell has a private right of action to assert claims against Synchrony arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Synchrony for damages, costs, interest, and attorneys' fees.

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SYNCHRONY

56. Plaintiff re-alleges the above paragraphs as if recited verbatim.

13

57. After being informed by Experian and Trans Union that Mr. Crandell disputed the accuracy of the information it was providing, Synchrony willfully failed to conduct a proper reinvestigation of Mr. Crandell's dispute.

58. Synchrony willfully failed to review all relevant information available to it and provided by Trans Union and Experian as required by 15 USC 1681s-2(b).

59. As a direct and proximate cause of Synchrony's willful failure to perform its respective duties under the FCRA, Mr. Crandell has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

60. Synchrony is liable to Mr. Crandell for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Synchrony for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

14

# COUNT IX

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

61. Plaintiff re-alleges the above paragraphs as if recited verbatim.

62. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Crandell as that term is defined in 15 USC 1681a.

63. Such reports contained information about Mr. Crandell that was false, misleading, and inaccurate.

64. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Crandell, in violation of 15 USC 1681e(b).

65. After receiving Mr. Crandell's consumer dispute to the Errant Trade Lines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

66. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Crandell has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

67. Experian is liable to Mr. Crandell by reason of its violation of the FCRA in an amount to be determined by the trier fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that the court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT X

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

68. Plaintiff re-alleges the above paragraphs as if recited verbatim.

69. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Crandell as that term is defined in 15 USC 1681a.

70. Such reports contained information about Mr. Crandell that was false, misleading, and inaccurate.

71. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Crandell, in violation of 15 USC 1681e(b).

72. After receiving the Plaintiff's consumer dispute to the Errant Trade Lines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

73. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Crandell has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

74. Experian is liable to Mr. Crandell by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT XI

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

75. Plaintiff re-alleges the above paragraphs as if recited verbatim.

76. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Crandell as that term is defined in 15 USC 1681a.

77. Such reports contained information about Mr. Crandell that was false, misleading, and inaccurate.

78. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Crandell, in violation of 15 USC 1681e(b).

17

79. After receiving Mr. Crandell's consumer dispute to the Errant Trade Lines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

80. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Crandell has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

81. Trans Union is liable to Mr. Crandell by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT XII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

82. Plaintiff re-alleges the above paragraphs as if recited verbatim.

83. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Crandell as that term is defined in 15 USC 1681a.

84. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

18

85. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Crandell, in violation of 15 USC 1681e(b).

86. After receiving Mr. Crandell's consumer dispute to the Errant Trade Lines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

87. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Crandell has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

88. Trans Union is liable to Mr. Crandell by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT XIII

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

89. Plaintiff re-alleges the above paragraphs as if recited verbatim.

90. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Crandell as that term is defined in 15 USC 1681a.

91. Such reports contained information about Mr. Crandell that was false, misleading, and inaccurate.

92. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Crandell, in violation of 15 USC 1681e(b).

93. After receiving Mr. Crandell's consumer dispute to the Errant Trade Lines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

94. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Crandell has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

95. Equifax is liable to Mr. Crandell by reason of its violation of the FCRA in an amount to be determined by the trier fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that the court grant him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT XIV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

96. Plaintiff re-alleges the above paragraphs as if recited verbatim.

97. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Crandell as that term is defined in 15 USC 1681a.

98. Such reports contained information about Mr. Crandell that was false, misleading, and inaccurate.

99. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Crandell, in violation of 15 USC 1681e(b).

100.   After receiving the Plaintiff's consumer dispute to the Errant Trade Lines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

101.   As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Crandlel has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

21

102.     Equifax is liable to Mr. Crandell by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by Jury.

DATED:  November 19, 2015                  McDonough & Nowicki PLLC

                                           By:___/s/  Nicholas R. Nowicki_____

                                               Nicholas R. Nowicki
                                               AZ Lic. # 029740
                                               McDonough & Nowicki PLLC
                                               3011 36th Avenue South, #6
                                               Minneapolis, MN 55406
                                               Telephone: 612-217-0257
                                               Email: nik@mcnowick.com

                                               Attorneys for Plaintiff,
                                               Fred Crandell

22